IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CR-122-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| LEWIS EDMOND ANDREWS, JR. | ) | |

This causes comes before the Court on defendant Andrews' motion to sever counts twelve through seventeen of the superseding indictment for trial pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure. The government has responded, and, in this posture, the matter is ripe for ruling. For the following reasons, the motion to sever is denied.

## BACKGROUND

Andrews is charged in a twenty-one count superseding indictment. Counts one through eleven and eighteen through twenty-one charge Andrews and nine others with various offenses related to animal fighting ventures, specifically dog fighting. 18 U.S.C. § 371; 7 U.S.C. § 2156; and 18 U.S.C. § 49. Counts twelve through seventeen charge Andrews and some of his co-defendants with conspiracy to possess with intent to distribute controlled substances as well as distribution and aiding and abetting distribution of controlled substances. 21 U.S.C. §§ 846 and 841(a). Andrews argues that due to the lack of connection between the animal fighting and drug counts, Andrews would suffer undue prejudice if the drug counts are not severed for purposes of trial. Although Andrews has moved to sever counts sixteen and seventeen, he is not named in those counts and his co-defendant who is named in those counts has not moved to sever. The Court thus does not consider counts sixteen and seventeen as the subject of the instant motion.

## DISCUSSION

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). "In determining whether two offenses are connected with or constitute parts of a common scheme or plan for purposes of Rule 8(a), [the Fourth Circuit has] read the rule 'flexibly' to require simply a 'logical relationship' between offenses charged in the indictment. *United States v. Blair*, 661 F.3d 755, 769 (4th Cir. 2011) (citation omitted). Although broad joinder is permitted under Rule 8, its limits "'are not infinitely elastic,' and so 'cannot be stretched to cover offenses ... which are discrete and dissimilar.'" *United States v. Mackins*, 315 F.3d 399, 412 (4th Cir. 2003) (internal citations omitted); *see also United States v. Hawkins*, 776 F.3d 200, 206 (4th Cir. 2015).

The government contends that the dog fighting and drug offenses charged in the superseding indictment are connected and constitute parts of a common scheme or plan. Specifically, the government argues that Andrews raised money through breeding and selling fighting dogs in order to fund his drug dealing, and vice versa. In support of this theory, the government relies primarily on a conversation between a confidential informant and Andrews during which Andrews allegedly stated that once he sold some of his dogs he would have $10,000 to take to Florida to purchase "dope." The government's theory of its case undercuts Andrews' argument that the only connection between the drug and dog fighting charges is that the same individuals were investigated for each activity. Where drug profits are used to subsidize additional illegal activity, here the fighting of dogs, the profits of which in turn subsidize further drug activities, there is a logical connection between the charges such that

2

joinder is appropriate. *Hawkins*, 776 F.3d at 207 (citing *United States v. Cole*, 857 F.2d 971 (4th Cir. 1988)).

As the Court has determined that joinder of the charges under Rule 8 was proper, it must next consider whether Andrews has satisfied his burden under Fed. R. Crim. P. 14 to demonstrate that severance is appropriate. Rule 14(a) provides that

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). "To show entitlement to severance, the defendant must establish that actual prejudice would result from a joint trial, and not merely that a separate trial would offer a better chance of acquittal." *Blair*, 661 F.3d at 770 (internal quotation marks and citation omitted). Three sources of prejudice would support severance under this rule: where the evidence would confuse and be cumulated by the jury such that it would convict a defendant of one or both crimes where it would not have convicted defendant of either crime had the evidence remained separated, where the defendant is confounded in presenting defenses, and where the jury may find the defendant guilty of one charge based on a perceived criminal disposition because it has determined he is guilty of the other. *United States v. Goldman*, 750 F.2d 1221, 1224 (4th Cir. 1984).

Andrews has not met his burden here. Andrews has argued generally that evidence of unrelated criminal charges might cause the jury to make an impermissible propensity determination and that the jury might become confused and presume that the drugs and the dog fighting are connected, but, as noted above, the drug and dog fighting charges in this case are connected and are not unrelated. Andrews has not cited any defense which he would be confounded from presenting should he be subject to one trial on the drug and dog fighting

3

charges. *See Goldman*, 750 F.2d at 1225 (noting that without proffer by defendant as to what defense he would be prevented from presenting, court left to engage in a guessing game). Finally, Andrews has not demonstrated that, if any prejudice does exist, it cannot be cured by less restrictive means, such as limiting instructions. *United States v. Mir*, 525 F.3d 351, 357 (4th Cir. 2008) (citing *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).

At bottom, Andrews has come forward with no persuasive argument which would satisfy his burden to show that the rule of joinder should not be followed in this proceeding. As Andrews has not shown that the efficiencies and economies to be gained by proceeding to one trial on all charges would be outweighed by any alleged prejudice that he might suffer, his motion to sever is denied.

## CONCLUSION

For the reasons discussed above, defendant's motion to sever [DE 218] is DENIED.

SO ORDERED, this 12 day of June, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4