IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:16-CR-122-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| LEWIS EDMOND ANDREWS, JR. | ) | |

On September 20, 2017, defendant, Lewis Andrews, pleaded guilty pursuant to a plea agreement to counts one and fifteen of the superseding indictment charging him with conspiracy to violate the Animal Welfare Act in violation of 18 U.S.C. § 371 and 7 U.S.C. § 2156 and distribution of a quantity of heroin and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Prior to sentencing, the government moved for an upward variance from Andrews' advisory Sentencing Guidelines range of 87-108 months' imprisonment. Andrews appeared before the Court for sentencing on December 22, 2017, at Raleigh, North Carolina, opposed the motion for upward variance, and requested that the sentences on counts one and fifteen be imposed to run concurrently. Andrews was sentenced to a total term of 108 months' imprisonment. The Court makes the following findings in support of its sentence.

Pursuant to 18 U.S.C. § 3553(a), a sentencing court has a duty to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in the [sentencing statute]." Once the defendant's United States Sentencing Guidelines sentencing range has been established, the sentencing court must decide "whether a sentence within that range serves the factors set forth in § 3553(a)[1] and, if not, select a sentence within statutory limits that does serve

---

[1] The factors set forth in § 3553(a) are:

those factors." *United States v. Tucker*, 473 F.3d 556, 560 (4th Cir. 2007) (internal quotation and citation omitted). After permitting the parties to argue with regard to sentencing, the court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall v. United States*, 552 U.S. 38, 49-50 (2007). The court must then "make an individualized assessment based on the facts presented, [and if it] decides that an outside-Guidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* at 50. The "method of deviation from the Guidelines range—whether by departure or by varying—is irrelevant so long as at least one rationale is justified and reasonable." *United States v. Diosdado-Star*, 630 F.3d 359, 365-66 (4th Cir. 2011).

At the sentencing hearing, the Court determined that Andrews' advisory Guidelines range was 87 to 108 months' imprisonment as calculated by the United States Probation Office. Neither defendant nor the government offered any objections to the Guidelines range finding. The Court finds the Presentence Investigation Report ("PSR") to be credible and hereby adopts

---

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed –
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense
    (B) to afford adequate deterrence to criminal conduct
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available
(4) the kinds of sentence and the sentencing range established for –
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
(5) any pertinent policy statement . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct
(7) the need to provide restitution to any victims of the offense.

the findings therein. Having considered the PSR, the arguments of counsel with regard to sentencing, and the factors enumerated in § 3553(a), the Court finds that a sentence at the top end of the Guidelines is appropriate in this case. The government's motion for upward variance [DE 349] is DENIED.

As this Court noted at length during this sentencing hearing and as it has previously held in Andrews' co-defendants' cases, dog fighting is a cruel enterprise. Andrews has been involved in dog fighting for decades and his involvement included owning, breeding, and training dogs for fighting as well as participating in dog fights and collecting books and promotional dog fighting materials. Sixty-four pit bull-type dogs were seized from Andrews' property on the execution of a search warrant on December 6, 2016, in addition to a dog-conditioning treadmill, veterinary and medical supplies, break sticks, and "pedigrees" demonstrating champion and grand champion fighting status of dogs. Thirty of the dogs seized from Andrews' property had to be euthanized due to their inability to be safely placed in homes. The evidence demonstrates that Andrews is completely immersed in the dog fighting culture.

The evidence at sentencing further demonstrates that Andrews is a serious and violent drug dealer. Of particular note, the Court heard a disturbing recording of Andrews discussing how he used a pistol to beat a man believed to have stolen almost a kilogram of cocaine from Andrews so severely that he looked like the "Elephant Man." The recording, coupled with the evidence of Andrews' long-time and active participation in dog fighting, demonstrates a gross lack of empathy for life. It is also clear from the evidence that Andrews' drug dealing helped to support his dog fighting ventures.

After considering the defendant's individual circumstances and the facts of this case, the Court holds that a sentence at the top of Andrews' Guidelines range is appropriate and

3

reasonable. This sentence sufficiently reflects the seriousness of the offenses – indeed, Andrews did not object to the imposition of the statutory maximum sentence of sixty months on the dog fighting count – in addition to providing for just punishment. This sentence further represents the longest term of imprisonment imposed on the defendants in this case, which the Court finds to appropriately reflect both Andrews' involvement in the offenses and his nature and characteristics. The Court has considered thoroughly the arguments presented by Andrews in mitigation and finds that a sentence at the top of the Guidelines range is still warranted. The Court denies, however, the government's motion to upwardly vary as to do so would result in unwarranted sentencing disparities with Andrews' co-defendants and co-conspirators. The remaining provisions of the Court's judgment as announced at sentencing remain unchanged.

SO ORDERED, this 27 day of December, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE