IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CR-122-1BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LEWIS EDMOND ANDREWS, JR. | ) | |

This cause comes before the Court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The government has responded and the matter is ripe for ruling. For the reasons that follow, the motion is denied.

## BACKGROUND

Defendant is currently serving a total sentence of 108 months' imprisonment following his plea of guilty to conspiracy to violate the Animal Welfare Act and distribution of a quantity of heroin and aiding and abetting. [DE 358]. Defendant is further subject to three years of supervised release following his term of incarceration.

Defendant filed the instant motion seeking to modify his sentence based upon his health and the current COVID-19 pandemic. Specifically, defendant is severely obese and has Type II diabetes, chronic asthma, and chronic hypertension. Defendant also argues that as a forty-five year old African American male he is at greater risk for COVID-19 illness, hospitalization, and death. Defendant has served over half of his sentence, has completed ten adult continuing education programs, and has incurred no infractions while incarcerated. His current projected release date is August 6, 2024. Defendant argues that he has family support and plans to live with his daughter if released.

The government opposes defendant's motion. Although it concedes that defendant has demonstrated extraordinary and compelling circumstances based upon his health conditions and the current pandemic, it argues that the 18 U.S.C. § 3553(a) factors counsel against a modification of defendant's sentence.

## DISCUSSION

Subject to few exceptions, a sentence that has been imposed may not be modified. 18 U.S.C. § 3582(c). One exception to this general rule applies where a defendant qualifies for a modification of his term of imprisonment, often referred to as compassionate release. 18 U.S.C. § 3582(c)(1)(A). Prior to the passage of the First Step Act on December 21, 2018,[1] the discretion to file a motion for compassionate release under § 3582(c)(1)(A) rested entirely with the Director of the Bureau of Prisons (BOP). Section 603 of the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to provide that a defendant may request compassionate release from the sentencing court after exhausting his administrative remedies.

Compassionate release may be available to defendants where (1) extraordinary and compelling circumstances warrant a reduction in the sentence or (2) a defendant who is serving a sentenced imposed pursuant to 18 U.S.C. § 3559(c) is at least seventy years old and has served at least thirty years in prison. 18 U.S.C. §§ 3582(c)(1)(A)(i)–(ii). When reducing a term of imprisonment via compassionate release, a court "may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment[.]" *Id.* § 3582(c)(1)(A).

Congress has directed the United States Sentencing Commission to promulgate policy statements describing "what should be considered extraordinary and compelling reasons" for sentence reductions. 28 U.S.C. § 944(t). To that end, the Sentencing Commission has defined

---

[1] Pub. L. 115-391, 132 Stat. 5194.

extraordinary and compelling reasons in terms of four categories of circumstances having to do with a defendant's age, health, and family circumstances, as well as a catch-all provision. U.S.S.G. § 1B1.13, comment. n.1. But, because U.S.S.G. § 1B1.13 applies expressly to the Director of the Bureau of Prisons, the "consistency requirement simply is not implicated" as to motions filed by defendants pursuant to § 3582(c)(1)(A) as recently amended by the First Step Act. *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020) (internal quotation and alteration omitted).

In other words, until the Sentencing Commission updates its guidance, a district court is authorized to independently determine whether extraordinary and compelling circumstances exist, and its determination is not constrained by U.S.S.G. § 1B1.13. *Id.* at 281-84; *see also United States v. Zullo*, 976 F.3d 228, 236 (2d Cir. 2020). In addition to considering whether extraordinary and compelling circumstances are present, in order to determine that a reduction in sentence is warranted, a court must further consider the 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

At the outset, the Court grants defendant's motion to deem his motion seeking compassionate release as timely filed.

Defendant has exhausted his administrative remedy and the Court agrees that his health conditions which place him at high risk for severe COVID-19 illness constitute extraordinary and compelling circumstances.[2] However, the § 3553(a) factors which the Court must consider do not support that the sentence served to date is sufficient to provide just punishment for defendant's offense, promote his respect for the law, or protect the public. The presentence report describes the serious conduct at issue in this case. First, it describes in detail defendant's

---

[2] The Court thus does not consider any further grounds raised which defendant argues are extraordinary and compelling

3

participation in a dog fighting enterprise. Sixty-four American Pitt Bull Terriers were ultimately seized from defendant's property, twenty-nine of which had to be euthanized. The presentence report further describes in detail defendant's drug trafficking activities. This includes a recorded conversation detailed in the government's memorandum [DE 416] during which defendant describes beating an individual who allegedly stole drugs from him. Although defendant does not have a lengthy criminal history, this is outweighed by the severity of the conduct at issue in this case.

The Court has considered defendant's good conduct while incarcerated and his efforts to better himself and prepare to be a productive citizen once released. Defendant's current behavior and circumstances still fail to demonstrate to the Court that if he were released, even to home confinement, the goals of sentencing articulated in § 3553(a)(2) would be satisfied. Accordingly, the Court, in its discretion, denies defendant's motion.

## CONCLUSION

For the foregoing reasons, defendant's motion requesting that his motion and memorandum in support of compassionate release be received as timely [DE 415] is GRANTED and defendant's motion to modify sentence [DE 414] is DENIED.

SO ORDERED, this __1__ day of *March*, 2021.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4

Case 7:16-cr-00122-BO   Document 417   Filed 03/02/21   Page 4 of 4